**Mohumand AMINULLAH, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 05–2543–ag.

United States Court of Appeals, Second Circuit.

Sept. 27, 2006.

Salim Sheikh, New York, New York, for Petitioner.

Stephen J. Murphy, United States Attorney; Robert W. Haviland, Assistant United States Attorney, Flint, Michigan, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Mohumand Aminullah, a native and citizen of Bangladesh, seeks review of a May 10, 2005 order of the BIA denying his motion to reopen exclusion proceedings. The BIA had previously affirmed the March 7, 1995 decision of Immigration Judge ("IJ") William. A. Cassidy denying petitioner's application for asylum and withholding of deportation. *In re Mohumad Aminullah*, No. A 72 766 369 (B.I.A. May 10, 2005), *aff'g* No. A 72 766 369 (Immig. Ct. N.Y. City March 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

 Here, The BIA did not abuse its discretion in denying Aminullah's motion to reopen based on the failure to abide by the numerical limitations. The regulations permit only one motion to reopen removal proceedings, and the BIA accurately noted that the instant motion was the fourth motion to reopen filed by Aminullah, clearly exceeding the numerical bar. *See* 8 U.S.C. § 1229a(c)(7)(A) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). Likewise, the BIA properly determined that Aminullah filed his motion beyond the ninety day-deadline, when he submitted it in April 2005, and the BIA's last decision was entered on December 22, 2004. 8 U.S.C. § 1229a(c)(7)(C) (2005); 8 C.F.R § 1003.2(c)(2) (2005).

 Moreover, Aminullah is not eligible for an exception to the numerical and time limitations, because the BIA reasonably found that the evidence he submitted failed to establish a change in country conditions in Bangladesh. The BIA was particularly within its discretion, given that Aminullah had not previously refuted the underlying adverse credibility determination, and the alleged circumstances of his asylum application bore on his claim of changed country conditions. Further, the BIA had already denied Aminullah's prior three motions to reopen, premised on the same claim. Additionally, Aminullah's suggestion that the BIA acted arbitrarily by failing to address its *sua sponte* authority to reopen his proceedings, is unavailing. Considering the extensive procedural history in this case, there is no indication that the BIA failed to consider Aminullah's re-

quest to reopen his proceedings as a matter of discretion under 8 C.F.R. § 1003.2(a), and this Court lacks jurisdiction to review the BIA's decision to decline to do so. *See Azmond Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).